UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| RITA SHABANI, on behalf of herself and all others similarly situated,<br><br>　　　　　Plaintiff,<br>　　v.<br><br>VOLKSWAGEN GROUP OF AMERICA INC,, et al.<br><br>　　　　　Defendant.<br>_____/ | No. C 12-02365 LB<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER**<br><br>[Re: ECF No. 15] |

## I.  INTRODUCTION

Before the court is defendant Volkswagen Group of America, Inc.'s ("VW") motion to transfer this action to the Central District of California.  Motion to Transfer, ECF No. 15.  Pursuant to Civil Local Rule 7-1(b), the court finds this matter suitable for determination without oral argument and vacates the October 4, 2012 hearing.  Upon consideration of the papers submitted and the applicable law, the court **GRANTS** VW's motion and transfers the action to the Central District of California.

## II.  BACKGROUND

Plaintiff Rita Shabani, a resident of Los Angeles, California and purchased and owns a 2007 Audi Q7 Quattro automobile, filed this putative class action against defendants VW, Volkswagen AG ("VW AG"), and Audi AG (collectively, "Defendants") in San Francisco Superior Court.

Notice of Removal, ECF No. 1 at 2, Ex. A.[1]  VW, as the only named defendant who has been served with the complaint, timely removed the action to this court.  *Id*.  The gist of Ms. Shabani's complaint is that the "water management systems" of 2007 Audi Q7 Quattro vehicles and 2004-2006 Volkswagen Phaeton vehicles (the "Class Vehicles") are defective.  See Corrected Second Amended Complaint ("Corrected SAC"), ECF No. 27-1.

On July 30, 2012, VW moved pursuant to 28 U.S.C. § 1404(a) to transfer the action to the Central District of California for the convenience of the parties and witnesses and in the interests of justice.  Motion to Transfer, ECF No. 15.  The next day, VW filed a motion to dismiss the First Amended Complaint.  Motion to Dismiss, ECF No. 16.  On August 10, 2012, the court approved Ms. Shabani's and VW's stipulation to adjust the briefing deadlines and hearing dates for the two motions.  Stipulation, ECF No. 19.  In short, the court and the parties agreed that the motion to transfer would be briefed and heard before the motion to dismiss.  *Id*.

On August 23, 2012, after VW filed its motions but before her opposition to VW's motion to transfer was due, Ms. Shabani filed a Second Amended Complaint.  Second Amended Complaint, ECF No. 24; *see* Corrected SAC, ECF No. 27-1.  In it, Ms. Shabani added a claim arising under New Jersey law.  *See* Corrected SAC, ECF No. 27-1, ¶¶ 88-97.  Then, on September 4, 2012, Ms. Shabani filed her opposition to VW's motion to transfer, arguing that the action should stay in the Northern District of California, or, if the court is inclined to grant VW's motion, that the action should be transferred to the District of New Jersey.  Opposition, ECF No. 30.  VW filed a reply on September 13, 2012, arguing that transfer to the District of New Jersey is inappropriate and reiterating that transfer to the Central District of California is warranted.  Reply, ECF No. 31.

### III.  LEGAL STANDARD

There are two grounds upon which venue may be challenged in federal court: under 28 U.S.C. § 1406(a) for improper venue, and under 28 U.S.C. § 1404(a) for the convenience of parties and witnesses and in the interest of justice.  Here, VW only moves pursuant to § 1404(a).

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page number at the top of the document, not the pages at the bottom.

Section 1404(a) states: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Although Congress drafted § 1404(a) in accordance with the doctrine of *forum non conveniens*, it was intended to be a revision rather than a codification of the common law. *Piper Aircraft v. Reyno*, 454 U.S. 235, 253 (1981); *Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955). Thus, a § 1404(a) transfer is available "upon a lesser showing of inconvenience" than that required for a *forum non conveniens* dismissal. *Norwood*, 349 U.S. at 32.

The burden is upon the moving party to show that transfer is appropriate. *Commodity Futures Trading Commission v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979); *see also Los Angeles Memorial Coliseum Comm. v. National Football League*, 89 F.R.D. 497, 499 (C.D. Cal. 1981) *aff'd*, 726 F.2d 1381, 1399 (9th Cir. 1984). Nonetheless, the district court has broad discretion "to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Jones v. GNC Franchising, Inc.*, 211 F.3d 495 (9th Cir. 2000) (quoting *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 30 (1988)); *see Westinghouse Elec. Corp. v. Weigel*, 426 F.2d 1356, 1358 (9th Cir. 1970).

An action may be transferred to another court if: (1) that court is one where the action might have been brought; (2) the transfer serves the convenience of the parties; and (3) the transfer will promote the interests of justice. *E & J Gallo Winery v. F. & P. S.p.A.*, 899 F. Supp. 465, 466 (E.D. Cal. 1994) (citing 28 U.S.C. § 1404(a)). The Ninth Circuit has identified numerous additional factors a court may consider in determining whether a change of venue should be granted pursuant to § 1404(a):

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

*Jones v. GNC Franchising Inc.*, 211 F.3d 495, 498–99 (9th Cir. 2000). Courts may also consider, "the administrative difficulties flowing from court congestion and [the] local interest in having localized controversies decided at home." *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d

1  834, 843 (9th Cir. 1986).

2  Generally, the court affords the plaintiff's choice of forum great weight. *Lou v. Belzberg*, 834
3  F.2d 730, 739 (9th Cir. 1987). But when judging the weight to be given to plaintiff's choice of
4  forum, consideration must be given to the respective parties' contact with the chosen forum. *Id*. "If
5  the operative facts have not occurred within the forum and the forum has no interest in the parties or
6  subject matter," the plaintiff's choice "is entitled only minimal consideration." *Id*. Moreover, when
7  a plaintiff brings a derivative suit or represents a class, the named plaintiff's choice of forum is
8  given less weight. *Id*.

## IV. DISCUSSION

**A. Whether the Action Could Have Been Brought in the Central District of California or the District of New Jersey**[2]

Ms. Shabani could have brought this putative class action in the Central District of California. She resides in it (Los Angeles, California), a substantial number of events related to her claim occurred in it, and VW admits that it is subject to personal jurisdiction there. 28 U.S.C. § 1332(c)(2) (a civil action may be brought in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred) & (3) (if there is no district in which an action may otherwise be brought as provided in 28 U.S.C. § 1332, a civil action may be brought in any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action).

She also could have brought it in the District of New Jersey because VW is incorporated there.

---

[2] VW argues in its reply brief that the court should disregard Ms. Shabani's argument that the action could be transferred to the District of New Jersey because her argument is properly construed as a motion and, by making it in her opposition, she did not comply with the civil local rules regarding motions. Reply, ECF No. 31 at 6-7. While it is true that Civil Local Rule 7-1 says that "[a]ny written request to the Court for an order must be presented by" filing a motion or stipulation in accordance with certain other rules, *see* N.D. Cal. Civ. L.R. 7-1(a), and that at least one court in this district has ignored a non-moving party's alternative transfer request on this ground, *see Winward v. Pfizer*, Nos. C 07-0878 SBA, C 07-0879 SBA, 2007 WL 3101317, at 2 (N.D. Cal. Oct. 22, 2007), to make a decision that best serves the parties, witnesses, and the interests of justice, the court will consider Ms. Shabani's suggested alternative venue.

28 U.S.C. § 1332(c)(1) (a corporation is deemed a citizen of the state in which it is incorporated), 1391(b)(1) (a civil action may be brought in a judicial district in which a defendant resides).

### B. Whether Transfer Would Serve the Convenience of the Parties and Witnesses and Would Promote the Interests of Justice

VW makes a compelling showing that this action has little, if any, connection to this district. As stated above, a plaintiff's choice of forum generally is afforded deference, but the choice is accorded less weight in a class action and is entitled to minimal consideration when the operative facts have not occurred in the chosen forum and that forum has no particular interest in the parties of the subject matter of the action. *See Pac. Car & Foundry Co. v. Pence*, 403 F.2d 949, 954 (9th Cir. 1968); *Lou*, 834 F.2d at 739; *see also Foster v. Nationwide Mut. Ins. Co.*, No. C07-04928 SI, 2007 WL 4410408, at 2 (N.D. Cal. Dec. 14, 2007). Here, Ms. Shabani brings a class action; she does not reside in the district; and no event underlying her claims is alleged to have occurred in the district, and no known witnesses to those events reside in the district (nor do Defendants have their principle places of business in the district). Corrected SAC, ECF No. 27-1, ¶ 28; *see generally id*. These facts weigh heavily against her choice of this district as the forum for this action.

Ms. Shabani offers no compelling response in her opposition to VW's showing. She repeats the basic principle, which VW of course acknowledges, that a plaintiff's choice of forum generally is afforded great weight, Opposition, ECF No. 30 at 4, but she makes no attempt to counter VW's case law-supported argument that her choice of forum is to be given little weight under the circumstances of this action. Second, Ms. Shabani argues that VW's maintenance of the Volkswagen Electronic Research Laboratory in Belmont, California connects VW to this district. This laboratory indeed is located within this district, but VW puts forth evidence suggesting that the laboratory has nothing to do with the Class Vehicles as they relate to Ms. Shabani's claims. *See* Arturi Declaration, ECF No. 31-1 at 2, ¶¶ 3-5 (declaring that the laboratory's "primary function is to perform market research on vehicle electronics systems related to human machine interface," and that the laboratory "was not involved in the design, manufacture, testing, inspection, distribution, marketing, sale, lease, warranting, maintenance, or repair of [the Class Vehicles] sold or leased in the United States as it relates to the subject water management component parts or systems [that] are the subject of [Ms.

Shabani's] Second Amended Complaint" and "would have no documents relating to" those component parts or systems).

The court, then, will examine whether the Central District of California or the District of New Jersey are a better forum for this action. VW again makes a compelling showing in support of its argument that the action should be transferred to the Central District of California. First, it notes that all of the alleged events underlying Ms. Shabani's claims occurred in the Central District of California. Motion to Transfer, ECF No. 15 at 14; *see* Corrected SAC, ECF No. 27-1, ¶¶ 28-35. This is important because, to act as a named plaintiff for a class, Ms. Shabani herself must state a valid claim. *See Weinberger v. Retail Credit Corp.*, 498 F.2d 552, 556 (4th Cir. 1974) ("Being barred from suit himself, [plaintiff] is not a member of the class he seeks to represent . . . and thus does not fulfill the first prerequisite of Fed. R. Civ. P. 23(a)"); *accord Briehl v. GMC*, 172 F.3d 623 (8th Cir. 1999) (dismissing putative class action where named plaintiffs failed to state a claim); *Tuchman v. DSC Communications Corp.*, 14 F.3d 1061, 1066 n.5 (5th Cir. 1994) (same); *Kaplan v. Utilicorp United, Inc.*, 9 F.3d 405, 407 (5th Cir. 1993) (same).

Second, VW argues that it would be much more convenient for witnesses for this action to be the Central District of California. Motion to Transfer, ECF No. 115 at 15. "The relative convenience to the witnesses is often recognized as the most important factor to be considered in ruling on a motion under § 1404(a)." *Saleh v. Titan Corp.*, 361 F. Supp. 2d 1152, 1160 (S.D. Cal. 2005) (quotation omitted); *see Clark v. Sprint Spectrum L.P.*, No. C10-03625 SI, 2010 WL 5173872, at *3 (N.D. Cal. Dec. 15, 2010). "The convenience of non-party witnesses is a more important factor than the convenience of the parties." *Clark*, 2010 WL 5173872, at *2 (citing *Saleh*, 361 F. Supp. 2d at 1160). In support of a motion to transfer, a party must identify potential witnesses by name and describe their testimony. *Id*. (citing *Saleh*, 361 F. Supp. 2d at 1161-65). "In determining whether this factor weighs in favor of transfer, the court must consider not simply how many witnesses each side has and the location of each, but, rather, the court must consider the importance of the witnesses." *Saleh*, 361 F. Supp. 2d at 1160-61.

VW identifies several non-party witnesses who reside in the Central District of California and

C 12-02365 LB
ORDER
6

who are likely to have information relevant to Ms. Shabani's claims and VW's defenses.[3] VW also describes their importance to the action:

> As their supporting Declarations demonstrate, these witnesses' testimony raises material issues at the core of the defense, and, together with the business records and repair orders they prepared and will testify about, provides evidence demonstrating that any water intrusion of which Ms. Shabani complains occurred as a result of her own apparent repeated failure to close the sunroof when she parked her vehicle, contrary to explicit advice in her owner's manual and from service technicians.
>
> Specifically, the listed witnesses will establish that Ms. Shabani failed to properly maintain the sunroof (Perez Dec., ¶ 7); permitted "debris, rocks and mud," which can only accumulate in the vehicles sunroof channels and reach the sunroof drains when the roof is open (Perez Dec., ¶ 7); and that the Shabani vehicle experienced problems with the onboard computer systems (the "MMI" system) which, on one occasion, was caused by a spilled beverage or liquid in the passenger compartment, unrelated to any issue with the water management system. (Paszkiewicz Dec., Exh. 1). In support of its defense,[VW] anticipates that the following non-party witnesses will testify regarding the following matters:
>
> 1. Victor Oh, Service Manager, McKenna Audi, will testify regarding a pre-delivery inspection that was performed on the vehicle on September 14, 2007. (Oh Dec., Exh. 1). Mr. Oh will describe the procedures involved and the results of the Pre-Delivery Inspection and the status of the vehicle's sunroof and MMI system as of September 14, 2007, one month prior to its purchase by Ms. Shabani. (*Id*; *See* Exh. 1, p.1. (DMV registration dated October 3, 2007)). He will testify that the vehicle passed the pre-delivery inspection and had no discernible defects. (Oh Dec., Exh. 1)
>
> 2. John Hatcher, Service Manager, Audi Mission Viejo will testify as to the Pre-Delivery Inspection performed on the vehicle on November 29, 2007 while he was with McKenna Audi. (Hatcher Dec., Exh.1). Mr. Hatcher will further testify as to the results of the Pre-Delivery Inspection. He will testify as to the status and condition of the sunroof and MMI system as of November 29, 2007, one month after it was purchased by Ms. Shabani. (*Id*.). He will testify that the sunroof and MMI system were in good condition and proper working order. (*Id*.). Mr. Hatcher will also testify about the various warnings that were in the vehicle's owner's manual pertaining to the sunroof and the MMI systems, including the need to close the sunroof when the vehicle is not in use to avoid rain/water intrusion into the passenger

---

[3] According to VW, the following non-party witnesses were involved with Ms. Shabani's vehicle: Victor Oh, who was employed at McKenna Audi in Los Angeles County, CA, from 2000-May 2012 as a Service Advisor from approximately 2003- 2005; an Assistant Service Manager from 2005-2009; and, Service Manager 2009 to May 2011; Greg Paszkiewicz, a Service Advisor at McKenna Audi, in Los Angeles County, in 2011; Eddie Perez, a Service Advisor at McKenna Audi, in Los Angeles County, from 2007-2012; Dan Ranciglio, a Service Advisor at McKenna Audi, in Los Angeles County, from 2007 to 2012; Santiago Ramirez, a Service Advisor at Keyes Audi from 2010-2012, in Los Angeles County, in 2011; Joshua Fults, a Service Technician with Keyes Audi, in Los Angeles County, in 2011; and John Hatcher, a Service Advisor at McKenna Audi, in Los Angeles County from 2007 to 2009 (currently at Audi Mission Viejo in Orange County, California). Motion to Transfer, ECF No. 15 at 7-8.

1 compartment and damage to the electrical features. (Hatcher Dec., Exh. 2).

2   3. Daniel Ranciglio, Service Manager, McKenna Audi will testify to the contents of McKenna Audi Work Order Number 125822 and the repairs performed on the vehicle on November 8, 2007. (Ranciglio Dec., Exh. 1). Mr. Ranciglio will identify the items that Ms. Shabani requested be serviced, including electrical issues with the MMI system. (*Id*.). Mr. Ranciglio will further testify that the MMI system was damaged by an outside influence, such as an open drink within the vehicle, and not a claimed defect in any components or systems involved in preventing outside water intrusion into the vehicle. (*Id*., p.2).

   4. Eddie Perez, Service Advisor, Downtown Audi, will testify to the contents of McKenna Audi Repair Order and Work Order Number 174159, dated October 3, 2010, and the repairs performed on the vehicle. (Perez Dec., Exh.1). Mr. Perez will further detail his observations of debris including rocks, mud and leaves that had accumulated in the sunroof's channels. (*Id*.). Mr. Perez will describe how such debris could only occur if the vehicles sunroof had been left open while parked, a practice specifically warned against in Audi's Owner manual. (*Id*.; *See* Hatcher Dec., Exh. 2). Mr. Perez will testify about instructions he provided to Ms. Shabani about closing the sunroof when she parks the vehicle to prevent debris from accumulating in the sunroof channels and clogging the sunroof drains. (Perez Dec., Exh. 1). Additionally, Mr. Perez will testify to the contents of McKenna Work and Repair Order Number 174461, dated November 8, 2010. (Perez Dec., Exh. 2). Mr. Perez will testify that he was advised on this occasion about a problem with the vehicle's sunroof shade and will describe the repairs that were performed. (*Id*.). Mr. Perez will testify that the condition of the vehicle was not caused by a defect in any drainage related components or systems. (*Id*.).

   5. Greg Paszkiewicz, Service Advisor, McKenna Audi. Mr. Paszkiewicz will testify to the contents of Audi Repair Order and Work Order Number 170430 dated May 11, 2010, performed on the vehicle. (Paszkiewicz Dec., Exh. 1). Mr. Paszkiewicz will testify that in May of 2010, Ms. Shabani complained that the sunroof shade within her vehicle was not closing. (Paszkiewicz Dec., ¶ 5). Mr. Paszkiewicz will then describe how upon inspection, it was found that the stops at the end of the sunroof shade tracks had become deformed, and needed replacement. (Paszkiewicz Dec., Exh. 1, p.2). Mr. Paszkiewicz will then describe possible causes of such deformities. (*Id*.). He will testify that this issue does not affect drainage, does not constitute a defect in any drainage related component or system, and did not cause or contribute to the damage alleged by Ms. Shabani. (*Id*.).

   6. Santiago Ramirez, Service Advisor, Keyes Audi, will testify to the contents of Keyes Work Order and Repair Order number W24711, dated August 29, 2011, performed on the vehicle. (Ramirez Dec., Exh. 1). Mr. Ramirez will testify to the issues diagnosed on the vehicle and the repairs performed on the vehicle. (Ramirez Dec., Exh.1).

   7. Joshua Fults, Service Technician, Keyes Audi, will testify to the contents of Keyes Invoice Number W24711 dated August 29, 2011, which reflects repair work performed on Ms. Shabani's vehicle. (Fults Dec., Exh.1). Mr. Fults will testify regarding the reported issues with the electrical system in the vehicle on this occasion and the repairs he performed. (*Id*.).

   The expected testimony of these non-party witnesses, who all live and work in the Central District, raises major factual issues going to Ms. Shabani's allegations in the Amended Complaint. The testimony of these witnesses will establish that the

C 12-02365 LB
ORDER
8

1
2
3
>    components and systems within Ms. Shabani's vehicle which are involve in
>    preventing water intrusion were working properly, and that any repairs were caused
>    by Shabani's repeated improper use and maintenance of the vehicle. Accordingly, it
>    will be important for the jury to hear these witnesses live to weigh their credibility
>    against Ms. Shabani.

4  Motion to Transfer, ECF No. 15 at 8-11 (footnote omitted). Ms. Shabani states that she is willing to
5  depose these witnesses in the Central District of California for their convenience. Opposition, ECF
6  No. 30 at 7. She also states that deposition testimony, and not live testimony, is appropriate for
7  these witnesses because they are primarily relevant to class certification—to show that Ms.
8  Shabani's claims are typical of the class—but as the court already mentioned, Ms. Shabani herself
9  must state a valid claim to act as a named plaintiff for the class. *See Weinberger v. Retail Credit*
10 *Corp.*, 498 F.2d 552, 556 (4th Cir. 1974).

11    Ms. Shabani, on the other hand, does not present a strong case for transfer to the District of New
12 Jersey. She argues that "most of the witnesses and proof in this case" are located on the East Coast
13 of the United States, but she offers little support for this statement. *See* Opposition, ECF No. 30 at
14 6-7. She notes that VW maintains three facilities— a Product Liaison Group in Fort Lee, New
15 Jersey; a VW/Audi/VCI Region Office in Woodcliff Lakes, New Jersey; and a Parts/Region
16 Distribution Center in Cranbury, New Jersey, *see* Roshanian Decl., ECF No. 30-1, Ex. A—but she
17 does not explain whether these facilities have any connection to this action, *see* Opposition, ECF
18 No. 30 at 6. She also states that she intends to depose VW's corporate representatives and that those
19 witnesses (and the documents they will rely upon) are located in New Jersey or Virginia, but this is
20 speculative. *See id*. at 6-7. Moreover, these corporate representatives and documents are under
21 VW's control, and the convenience to VW is less important than the convenience of non-party
22 witnesses. *See Clark*, 2010 WL 5173872, at *2.

23    She also argues that a court in the District of New Jersey once before presided over a similar
24 case involving VW. Opposition, ECF No. 30 at 7-8; *see Dewey v. Volkswagen Aktiengesellschaft*,
25 Nos. 07-CV-2249-FSH-PS, 07-CV-FSH-PS (D.N.J. 2007). But as VW points out, the *Dewey* action
26 has not been actively litigated since 2009 (when the parties concluded a settlement) and did not
27 involve the Class Vehicles. Reply, ECF No. 31 at 9. The *Dewey* action, then, is not particularly
28 persuasive support for transfer to the District of New Jersey.

C 12-02365 LB
ORDER
9

Finally, Ms. Shabani argues that a court in the District of New Jersey would be in a better position to rule upon issues involving New Jersey law. Opposition, ECF No. 30 6. But this ignores the fact that Ms. Shabani also brings claims under California law, so a court in either forum would have to interpret the law of a state in which it does not sit.

In sum, upon consideration of the record and the parties' arguments, the court believes that this district is not particularly well-suited as the forum for this action and that the Central District of California, and not the District of New Jersey, is the most appropriate one and that the interests of justice would be served by this action proceeding there. Accordingly, the court **GRANTS** VW's motion.

## V. CONCLUSION

Based on the foregoing, the court **GRANTS** VW's motion to transfer. The court **TRANSFERS** this action to the Central District of California. All dates and deadlines pertaining to this case, including the briefing and hearing dates for VW's motion to dismiss, are **VACATED**.

**IT IS SO ORDERED.**

Dated: October 2, 2012

_____
LAUREL BEELER
United States Magistrate Judge

C 12-02365 LB
ORDER